**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ROBERT OSTRANDER,**
      **Petitioner,**

**v.**                             **CIVIL ACTION NO.: 3:18-CV-169**
                                          **(GROH)**

**PAUL ADAMS, Warden,**
        **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

**I.    INTRODUCTION**

On October 17, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed in Oxford, Wisconsin, but who was formerly housed at FCI Hazelton, in Bruceton Mills, West Virginia. His petitioner challenges the validity of his conviction and sentence imposed in the United States District Court for the Western District of Michigan.

On December 30, 2019, the Respondent filed a motion to dismiss for lack of jurisdiction and a memorandum in support thereof with exhibits attached thereto. ECF Nos. 20, 21, 21-1, 21-2. Following the January 2, 2020, issuance of a Roseboro notice [ECF No. 22], Petitioner failed to file a response.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Conviction and Sentence

On May 14, 2003, a grand jury in the Western District of Michigan, Southern Division, case number 1:01-CR-218, issued a third superseding indictment against Petitioner and his brother and co-defendant, which charged Petitioner with (1) conspiracy to possess with intent to distribute and to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1); (2)  murder with a firearm in relation to a drug trafficking crime, in violation of  18 U.S.C. §§ 924(c)(1)(A)(ii), 924(j)(1), 2, 1111, 846 and 841(a)(1); and (3) murder with a firearm during a violation of the Hobbs Act, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(j)(1), 2, 1951, and 1111.  ECF No. 21-1.[1]

Petitioner was convicted of all three counts and was sentenced to life in prison.  ECF No. 21-2 at 1.  Petitioner was sentenced to imprisonment for 480 months on Count 1, and to life without the possibility of parole on Counts 2 and 3, with all sentences to be served concurrently with one another.  Id. at 2.

### B.    Direct Appeal

Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals, which on June 10, 2005, affirmed Petitioner's conviction, and found "that there was no constitutional defect in the application of § 924(c) and (j)".  United States v. Ostrander, 411 F.3d 684, 697 (6th Cir. 2005), cert. denied 546 U.S. 956 (2005).

---

[1]  Because of the age of the case in the Western District of Michigan, access to documents on PACER is limited, although the docket is fully accessible.  The Court relies on copies of documents obtained and filed by the Respondent.

### C.    Post-Conviction Relief: Prior Petition Under § 2241[2]

On June 26, 2014, Petitioner filed a petition for habeas corpus under § 2241, in the Middle District of Florida[3], case number 5:14-CV-375.   ECF No. 1. By order entered June 30, 2015, the district court dismissed the case, finding that, "[a]ll of Petitioner's arguments could have and should [have] been raised in the district court at sentencing, on direct appeal or in a timely § 2255 motion. Petitioner's failure to raise his claims resulted in a procedural bar and default, and he cannot now seek review from this court."  ECF No. 9 at 4.

### D.    Post-Conviction Relief: Motion to Vacate Under § 28 U.S.C. 2255[4]

On March 27, 2017, Petitioner filed a motion to vacate in the Western District of Michigan, case number 1:17-CV-278.   ECF No. 1.  By motion filed July 31, 2017, Petitioner moved to amend or correct his motion.   ECF No. 5.   The district court denied Petitioner's motion to vacate by order and judgment entered on August 9, 2018.   ECF Nos. 8, 9.   The order characterized petitioner's only challenge as "to the constitutional validity of the conviction for murder during a violation of the Hobbs Act."  ECF No. 8 at 1.   The district court denied the petition under the concurrent sentence doctrine[5] and further found that the petition failed

---

[2]  All CM/ECF references in this section, II.C., refer to entries in the docket of Civil Action No. 5:14-CV-375 in the Middle District of Florida, Ocala Division.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3]  At the time that action was filed, Petitioner was incarcerated at FCC Coleman, in Sumterville, Florida.  ECF No. 9 at 1.

[4]  All CM/ECF references in this section, II.D., refer to entries in the docket of Civil Action No. 1:17-CV-278 in the Western District of Michigan, Southern Division.

[5]  See United States v. Hughes, 964 F.3d 536, 541 (6th Cir. 1992).

on both procedural and substantive grounds because: (1) the petition was untimely, filed "more than a decade after the judgment became final, long after the applicable one-year statute of limitations"; and (2) Petitioner's convictions did not involve the residual clause of Section 924(c) or (e).  Id.   The court specifically found:

> For Count 3, Ostrander's conviction was for murder during a substantive violation of the Hobbs Act: namely, an armed robbery affecting commerce.   This was a violation of Section 924(c)(1)(A) and (c)(3)(A) because a substantive Hobbs Act violation necessarily involves the use or threatened use of physical force. . . . Neither [Count 2 or Count 3] conviction depended on the residual clause of Section 924(c)(3)(B).

Id. at 3.

### E.    Instant Claims under § 2241

In support of his section 2241 petition before this Court, Petitioner's sole argument is that Hobbs Act conspiracy is not a crime of violence for purposes of 18 U.S.C. § 924(c), and by virtue of the ruling of the Supreme Court in Sessions v. Dimaya, 138 S.Ct. 1204 (2018), he is entitled to have his conviction vacated and the indictment dismissed with prejudice.   ECF No. 1 at 5.   In addition to requesting that the Court vacate his conviction on Count 3, Petitioner further requests a new trial on Counts 1 and 2, or that he be resentenced on Counts 1 and 2.   Id. at 8.   It appears that Petitioner seeks to have both his conviction and sentence invalidated on all three counts.

### III.    LEGAL STANDARDS

### A.    Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the

---

[6]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding pro se and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the

plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

# IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he  can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).   The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a

---

[7]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

---

> d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Here, Petitioner challenges both his conviction and sentence and seeks relief under § 2241 by way of the savings clause of § 2255(e).[9]  ECF No. 1, at 1.  Petitioner challenges his conviction and sentence based on the holding of Sessions v. Dimaya, which he asserts invalidates his conviction and merits dismissal of the underlying

---

[9] The undersigned notes that in this case, Petitioner's application for a § 2241 through the § 2255(e) savings clause appears to be the appropriate procedure for Petitioner to raise this challenge to his sentence.  Petitioner has exhausted his direct appeal and has already filed an unsuccessful § 2255.  Petitioner would only be authorized to file a successive § 2255 if he can meet the gatekeeping provision of § 2255(h)(2).  However, Petitioner is unable to meet the gatekeeping provision of § 2255(h)(2) because his argument does not rely on any newly discovered evidence or a new rule of constitutional law.  Although this precludes Petitioner from filing a successive § 2255, it means that Petitioner satisfies the third prong of Wheeler.  So, it appears that § 2241/§ 2255(e)/Wheeler is the sole vehicle for Petitioner to attempt to challenge the legality of his sentence.

indictment.  Id. at 5.  Specifically, Petitioner's conviction for murder with a firearm during

a violation of the Hobbs Act is the core of his challenge.  Id.  Petitioner argues that he is

entitled to relief because Hobbs Act Conspiracy is not a crime of violence for purposes

of 18 U.S.C. § 924(c).[10]  Id.

Petitioner contends that Dimaya (which analyzed the language of 18 U.S.C. §

16[11] as related to a crime of violence) held that Hobbs Act conspiracy is not a crime of

violence for purposes of 18 U.S.C. § 924(c).  ECF No. 1 at 5.  Because the provision in

§ 924(c) is substantively identical to the language regarding a "violent felony" in § 16,

Petitioner argues that his conviction for Hobbs Act conspiracy is not a "crime of

violence" and should be invalidated.  Id.   The Court notes that the Petitioner incorrectly

---

[10]  Section 924(c) provides in part that:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

. . . .

(2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.
(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

[11]  Section 16 provides that, "The term "crime of violence" means--(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

characterizes his conviction under Count 3 as being for Hobbs Act conspiracy, when it was actually a conviction for Hobbs Act murder.   ECF No. 21-2.   Despite that mischaracterization, which was substantively argued by the Respondent, the Court considers Petitioner's claims raised in his petition.

### A.  Petitioner's Challenge to His Conviction

In Petitioner's challenge to his conviction, § 2241 relief is unavailable.  Even if Petitioner could satisfy the first and third prongs of the <u>Jones</u> test, he cannot meet the requirements of the second prong.

The second prong of the <u>Jones</u> test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."  <u>In re Jones</u>, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the <u>Jones</u> test because the federal crimes for which he was convicted—(Count 1) conspiracy to possess with intent to distribute and to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 846, and 841, (Count 2) murder with a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c), 924(j), 2, 1111, 21 U.S.C. §§ 846, and 841, and (Count 3) murder with a firearm during a violation of the Hobbs Act, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), 2, 1951, and 1111—remain criminal offenses.  Accordingly, to the extent Petitioner raises a challenge to the validity of his convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

### B. Petitioner's Challenge to His Sentence

Because Petitioner is challenging the legality of his sentence in a § 2241 through the § 2255(e) savings clause, he must demonstrate that all four <u>Wheeler</u> prongs are satisfied.  If Petitioner fails to satisfy any one of the four <u>Wheeler</u> prongs, then he has not satisfied the § 2255(e) savings clause and this court lacks subject-matter jurisdiction over his § 2241. Consequently, Petitioner's § 2241 must be dismissed without prejudice. <u>See</u> <u>Wheeler</u>, 886 F.3d at 425.

Regardless of whether Petitioner meets the first, third, and fourth[12] prongs of <u>Wheeler</u>, Petitioner fails to meet the second prong.  The second prong of <u>Wheeler</u> contains two clauses that each must be met for the prong to be satisfied.  The second prong requires a showing that (1) the settled substantive law, which established the legality of the defendant's sentence, has changed and (2) that change in the law has been deemed to apply retroactively on collateral review.  Although Petitioner argues that he has met the first clause of the second prong of <u>Wheeler</u> by the holding of <u>Dimaya</u>, he has failed to demonstrate that this change in the law has been deemed retroactive on collateral review.  However, the Supreme Court's decision in <u>Dimaya</u> has not been deemed to be retroactive on collateral review.  If it had, Petitioner could have filed for relief under § 2255(h)(2)[13], and Petitioner could not satisfy the third prong of <u>Wheeler</u> to seek relief through a § 2241 petition.

---

[12]   The Fourth Circuit's decision in <u>Lester v. Flournoy</u>, 909 F.3d 708 (4th Cir. 2018), found that a misclassification as a career offender under the pre-<u>Booker</u>, then-mandatory USSG is a "fundamental defect" for the purposes of the fourth prong of <u>Wheeler</u>.  <u>Lester</u>, 909 F.3d at 716.  However, in <u>Lester</u>, the parties did not dispute the retroactivity clause of the second prong of <u>Wheeler</u>.  <u>Lester</u>, 909 F.3d at 712.

[13]   The Court notes that to satisfy the requirements of § 2255(h), Petitioner must obtain a certification from a court of appeals to file a second or successive motion under § 2255, and that Petitioner has twice previously been denied a certificate of appealability from the First Circuit.

Accordingly, regardless of whether Petitioner meets the first, third, and fourth prongs of Wheeler, he  failed to meet the second prong.  Therefore, Petitioner has not satisfied the § 2255(e) savings clause, he is not entitled to § 2241 relief through § 2255(e), and this Court is without subject-matter jurisdiction.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss for lack of jurisdiction [ECF No. 20] be **GRANTED** and Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

14

**Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 13, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE